IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BILLY C. BATEMON**                                                                    **PLAINTIFF**

v.                          Case No. 5:10-CV-00010 BSM

**STATE OF ARKANSAS, et al.**                                                **DEFENDANTS**

## ORDER

Defendants Robert H. Wyatt, Jr., Steve Dalrymple, and Bryan Achorn move to dismiss plaintiff Billy C. Batemon's claims against them (Doc. No. 32). Batemon has responded (Doc. No. 36). For the reasons set forth below, the defendants' motion is granted.

### I. MOTION TO DISMISS STANDARD

Dismissal is proper when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf*, *supra*, at 549. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

### II. FACTUAL BACKGROUND

Batemon's complaint alleges that the Jefferson County Drug Task Force performed a search of his Pine Bluff residence on September 21, 2005. Batemon initially retained two

lawyers, "Sara Hartness and Attorney Bloodman," to defend him. Complaint, 3. Counsel "failed to file motions to assist [him] with his defense . . . [and] were not representing him fairly." *Id*. He asked Jefferson County Circuit Judge Robert H. Wyatt to allow him to hire another lawyer, but Judge Wyatt "told him that he would receive a public defender." *Id*. Batemon asserts that he was falsely imprisoned for three months by Wyatt before a public defender ever visited him and filed a habeas petition on his behalf. *Id.* at 4. He also states that Judge Wyatt revoked his bond on August 10, 2006. *Id*.

Batemon asserts that deputy prosecuting attorney Bryan Achorn maliciously prosecuted him at the direction of district prosecuting attorney Steve Dalrymple. *Id.* at 3. He also maintains that Dalrymple and Achorn signed warrants permitting searches of his home. *Id*. Although it is somewhat unclear, Batemon seems to claim that Dalrymple and Achorn signed the warrant authorizing the September 21, 2005 search of his residence.

Batemon claims his home was searched and he was prosecuted for competing with a friend of Pine Bluff's mayor in the house moving business. *Id.* at 3. He claims he was pushed out of competition with the mayor's friend by a conspiracy between defendants. *Id*.

Batemon filed his complaint on January 11, 2010, pursuant to 42 U.S.C. § 1983 claiming violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. He claims he was denied counsel and a speedy trial by Judge Wyatt and that Achorn and Dalrymple maliciously prosecuted him and authorized an unconstitutional search of his residence. He seeks $1,000,000 in damages and an injunction to prevent defendants from

harassing him. Defendants assert that various immunities protect them from Batemon's claims.

### III. DISCUSSION

A.   Judicial Immunity

Batemon's claims against Judge Wyatt are dismissed because judges are absolutely immune from suit for acts taken in the execution of their judicial duties. *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). Judges are immune from suit even when they are accused of acting maliciously and corruptly. *Id*. This protection extends to state court judges. *See Mullen v. Galati*, 843 F.2d 293 (8th Cir. 1988) (citing *Forrester v. White*, 484 U.S. 219 (1988)). It is clear that Judge Wyatt was acting in a judicial capacity because the complaint against Judge Wyatt is based on his incarceration of Batemon. Consequently, the claims against Judge Wyatt are dismissed.

B.   Prosecutorial Immunity

Batemon's claims against the prosecutors, Achorn and Dalrymple, are dismissed because prosecutors are absolutely immune from suit for acts taken in their role as advocates for a state. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This is true even when it is alleged that a prosecutor has committed a constitutional violation. *Id*. Batemon alleges that Achorn and Dalrymple maliciously prosecuted his case. It is clear that Achorn and Dalrymple were acting in their prosecutorial roles, because Batemon is suing them for maliciously prosecuting the criminal cases against him. Therefore, they are immune and the

cases against them are dismissed.

C.      Sovereign Immunity

Although it is unclear whether Batemon sued Judge Wyatt, Achorn, and Dalrymple in their official capacities, the Eleventh Amendment to the United States Constitution bars federal lawsuits brought by individuals against states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Judge Wyatt, Achorn and Dalrymple are state employees and therefore a suit against them in their official capacities is a suit against the state of Arkansas. For this reason, any such claim is barred by sovereign immunity and is dismissed.

## IV. CONCLUSION

Batemon's claims against Judge Wyatt, Achorn, and Dalrymple are barred because defendants are immune from suit. Batemon's claims are therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

IT IS SO ORDERED this 12th day of April, 2010.

                                                                            */s/ Brian S. Miller*
                                                            UNITED STATES DISTRICT JUDGE